**UNITED STATES of America, and R. S. Phillips, Special Agent, Internal Revenue Service, Plaintiffs,**

v.

**W. W. JONES, Vice President and Cashier of the First National Bank of Wetumpka and the First National Bank of Wetumpka, Defendants.**

Civ. A. No. 3779–N.

United States District Court,
M. D. Alabama, N. D.

Oct. 6, 1972.

available for inspection. The evidence further reflects that the records sought are relevant to the investigation. They are, insofar as evidence presented to the Court in connection with this matter is concerned, sufficiently identified. There is a duty on the part of the bank, its officers, its agents and its other officials to comply fully and to cooperate fully with the Commissioner of Internal Revenue and his agents in this investigation. United States v. Dauphin Deposit Trust Co., 385 F.2d 129, 130 (3rd Cir. 1968). This duty includes making these records available for copying and/or inspection. It further includes the obligation to make a diligent search for all the records sought and the production of these records for copying and inspection by the Commissioner and his agents. 385 F.2d at 131.

■■ The Court does not find that the summons is overly broad; to the contrary, it appears to be focused upon only the records of one Dr. Lacy and the immediate members of his family to the extent that they relate to the financial transactions as those transactions have been run through this bank, for the period 1967 through 1970—having been amended today to include 1971. This does not place any unreasonable or undue burden on the bank, since the Internal Revenue Service will, to the extent that it examines and copies the microfilm, furnish its own portable viewing and copying equipment. 385 F.2d at 131. The records will be furnished in the bank at some place that will afford the agents of the Commissioner of Internal Revenue an opportunity to examine them and copy them in privacy. The records will be furnished during regular business hours at such times as may be specified by Agent Phillips or any other duly authorized agent of the Commissioner of Internal Revenue, having due regard to the business of the bank in carrying on its normal operations.

■ As to the financing of the inspection, it is evident from the testimony that the Government is willing to and will furnish its own operator as far as

---

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., Middle District of Alabama, Montgomery, Ala., for plaintiffs.

George P. Howard, Howard & Dunn, Wetumpka, Ala., for defendants.

## FINDINGS, CONCLUSIONS, and ORDER

JOHNSON, Chief Judge.

Upon this submission, the Court finds that a summons issued to the defendants by Special Agent R. S. Phillips was authorized, was duly issued, and was served by Phillips in his capacity as agent of the Commissioner of Internal Revenue. There is nothing indefinite or ambiguous about the summons or the records that Agent Phillips desires to examine.

■ The evidence presented reflects that these records are in the custody of the bank, The First National Bank of Wetumpka, and that they are

the portable viewing and copying equipment of the microfilm is concerned and will pay to some extent the expenses incident to the copying of these microfilms and such other records as the Government agents may want to photostat. Any further expenses incurred in connection with this investigation and examination of these records, such as the salary of employees that may be necessarily assigned to this project, are expenses to be borne by the bank. 385 F.2d at 130. They are reasonably incident to the bank's normal operations, and they are reasonable expenses that the bank can be and should be prepared to sustain when it opens and operates as a bank, knowing full well that some of its depositors will from time to time get investigated by the Internal Revenue Service.

It is also the opinion of this Court that there is a duty and obligation on the part of Lacy to make these records available. Thus, if the expense becomes too onerous or too burdensome, it is a matter beween the bank and Lacy. The bank is custodian of these records as the agent of Lacy. If Lacy's business and the manner in which he transacts the business is too onerous or expensive on the bank, then he should be invited to transact his banking business somewhere else. But as long as the bank invites his business and as long as it transacts Dr. Lacy's banking business, then if this expense becomes too onerous or too burdensome on the bank, that is between the bank and Dr. Lacy. This Court is not going to require the Government to pay the regular salaries of employees, as that is part of the normal and reasonable operation of banking business.

The bank will make a place available to the Government. The Government will furnish its own copying equipment for the microfilm. It will furnish its own employee to do the viewing and the copying. It will pay, the Court understands, up to ten cents per copy, which the Government considers to be actual cost, on those documents that the bank must copy for it. The Government will not be required to sustain any other expenses unless there are some unusual expenses that are not indicated at this time. See, e. g., United States v. First Nat'l Bank of Fort Smith, Ark., 173 F. Supp. 716 (W.D.Ark.1959).

 In reference to whether the Government or the agents of the Government can examine the microfilm containing records of Dr. Lacy's account or whether the agents of the Government must wait until the agents of the bank determine what is relevant to this investigation, this Court finds that the agents of the Government have the right to examine the microfilm and that they are not required to wait until agents of the bank determine that it may be relevant to the Lacy investigation.

As far as the Court is concerned, the bank does not expose itself to any liability to Dr. Lacy for complying with this Court order. It is under a duty, it is under an obligation, it is under a specific Court order to comply with this summons that was issued.